UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ROBERT DAVIES,                    )    CASE NO. 1:10 CV 99
                                  )
          Petitioner,             )    JUDGE DONALD C. NUGENT
                                  )
     v.                           )
                                  )    MEMORANDUM OF OPINION
RICHARD CORDRAY,                  )    AND ORDER
                                  )
          Respondent.             )

On January 15, 2010, petitioner pro se Robert Davies
filed the above-captioned habeas corpus action under 28 U.S.C. §
2254. Davies seeks to challenge his April 2000 conviction,
pursuant to a guilty plea, for sexual imposition. For the reasons
stated below, the petition is denied and this action is dismissed.

The petition reflects that Davies filed a Motion for
Delayed Appeal to the Ohio Court of Appeals in 2009, which was
denied as untimely. Thus, Davies was procedurally barred from
raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court
will not consider the claims unless petitioner establishes adequate
cause to excuse his failure to raise the claims and actual
prejudice to him. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.
1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986)); see also,
Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990). No such showing
is reasonably suggested by the petition.

Further, even absent the procedural default, the petition

is patently untimely under 28 U.S.C. § 2244(d)(1), which places a one year limit to file a habeas action after the conviction becomes final.  Petitioner's 2009 Motion for Delayed Appeal - unavailing because of its untimeliness - cannot "retrigger" the statute of limitations for bringing a federal habeas action.  Searcy v. Carter, 246 F.3d 515 (2001).  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is reasonably claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the petition would have to be dismissed as time-barred in any event.[1]

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Donald C. Nugent 4/19/10
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1]  This court is aware of  Day v. McDonough, 547 U.S. 198, 210 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.

2